IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-62,402-03






EX PARTE CARY KERR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 0874357R FROM THE


297TH DISTRICT COURT OF TARRANT COUNTY





 Price, J., filed a dissenting statement in which Johnson, J., joined.


DISSENTING STATEMENT



 For the first time in this subsequent application for writ of habeas corpus, the
applicant alleges that his death sentence is constitutionally tainted by the ineffectiveness of
his trial counsel at the punishment phase of his trial. He alleges that trial counsel failed to
investigate the existence of fairly extensive mitigation evidence that could have established
at trial, inter alia, that he was raised in a fractured and impoverished household by alcoholic
and indifferent parental authorities who introduced him to alcohol at an early age, and that
he suffered from ADHD as a child, and from other potential mental disorders as an adult. 
None of the affiants that the applicant now relies upon to supply this information was ever
interviewed by his trial counsel--or, at least, those few who were interviewed prior to trial
were only questioned with regard to guilt phase issues. In short, the applicant presents a
more-than-colorable claim of ineffective assistance of counsel at the punishment phase of
his capital murder trial, under Wiggins v. Smith. (1)

 The applicant recognizes that this claim could have been raised in his initial
application for writ of habeas corpus that was filed in 2004. It was not, he alleges with ample
justification, because his original state habeas counsel was also constitutionally ineffective. 
Indeed, original state habeas counsel raised only record-based or non-cognizable claims on
his behalf, and appears to have conducted no investigation into the constitutional
effectiveness of the applicant's trial attorneys with respect to developing a case for
mitigation. The applicant acknowledges that this Court has held that there is no
constitutional right to effective representation in a post-conviction writ, and that a claim of
ineffectiveness of original habeas counsel therefore does not count as an exception to the
abuse of the writ doctrine as codified in Article 11.071, Section 5(a), of the Code of Criminal
Procedure, (2) as construed in Ex parte Graves. (3) But the applicant argues that Graves should
no longer be regarded as authoritative, or, alternatively, that we ought to overrule it. He
asserts that the United States Supreme Court recently stayed the execution of another Texas
inmate facing imminent execution, Cleve Foster, while it addresses the question (in another
case) whether a condemned inmate is constitutionally entitled to the effective assistance of
habeas counsel for purposes of any claim that may be raised only in an original post-conviction habeas corpus proceeding. (4)

 Without comment or elaboration, the Court today simply dismisses the applicant's
subsequent writ application as an abuse of the writ under Article 11.071, Section 5. As I did
recently in Cleve Foster's subsequent state application for writ of habeas corpus, (5) I dissent
in this case to the Court's refusal to take up the issue squarely presented here. Strictly
speaking, I disagree with the applicant's assertion that Graves is no longer authoritative;
though Graves himself ultimately obtained post-conviction relief in federal court and was
later exonerated of capital murder, that does not alter the current precedential value of this
Court's holding that ineffective assistance of original state habeas counsel does not meet the
statutory criteria of Section 5 that would allow a subsequent writ application to proceed to
the merits. And that is the problem. I dissented to Graves' holding at the time, (6) and have
generally bowed to its precedential value under stare decisis. But since Graves himself was
recently exonerated, I have reached my limit. I would either file and set the applicant's
subsequent writ application to decide the continuing vitality of Graves, as framed in my
dissenting statement in Foster, (7) or I would stay the applicant's execution so that we may at
least preserve the status quo, possibly to revisit the issue in light of whatever disposition the
Supreme Court may make of Foster and/or some other related case pending there. (8)

 To the Court's enduring complacency and willingness to let the Supreme Court do all
its heavy lifting when it comes to death-penalty jurisprudence, I continue to dissent.


FILED: April 28, 2011

PUBLISH
1. 539 U.S. 510 (2003).
2. Tex. Code Crim. Proc. art. 11.071, § 5(a).
3. 70 S.W.3d 103 (Tex. Crim. App. 2002).
4. Foster v. Texas, ___ S.Ct. ___, 2011 WL 1238627, No. 10-8317 (April 5, 2011). After
initially denying Foster's cert petition, the Supreme Court entertained his motion for reconsideration
and granted a stay of execution. The question presented in Foster's petition for certiorari is:
"Whether the rights to equal protection, due process, and access to the courts demand that
condemned prisoners be afforded the effective assistance of counsel in pursuing state habeas
remedies with respect to claims, such as innocence and ineffective assistance of trial counsel, that
can only be raised in state habeas proceedings and if not raised there are thereafter barred?"
5. Ex parte Foster, 2010 WL 5600129 (Tex. Crim. App., No. WR-65,799-02, decided Dec. 30,
2010) (not designated for publication) (Dissenting Statement of Price, J.).
6. Ex parte Graves, supra, at 118-25 (Price, J., dissenting).
7. See Ex parte Foster, supra, at *2 ("I would stay the applicant's execution in this cause and
file and set it to examine two questions: First, whether we should regard a colorable claim of
ineffective assistance of original habeas counsel as a newly available fact for purposes of [Article
11.071,] Section 5(a)(1) and (e); or, failing that, whether we should recognize a claim of ineffective
assistance of original habeas counsel as, at least, a non-statutory gateway for raising discrete
constitutional claims that would otherwise be barred under Article 11.071, Section 5.").
8. The day before it stayed Foster's execution, the Supreme Court stayed the execution of an
Arizona inmate pending its consideration of his petition for certiorari. Cook v. Arizona, ___ S.Ct.
___, 2011 WL 1234018, No. 10-9742 (April 4, 2011). The question presented in Cook's petition
for certiorari is: "[W]hether Petitioner is entitled under the Sixth and Fourteenth Amendments to
have effective post conviction counsel to raise [claims that can only be asserted in a post-conviction
proceeding], because that proceeding represents Petitioner's first review allowed by the Arizona
courts for such claims."